**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ANIL KUMAR SUBRAMANYAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KLM ROYAL DUTCH AIRLINES,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anil Kumar Subramanyam ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of his counsel and upon information and belief, except as to Plaintiff's allegations regarding his own actions which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit regarding Defendant KLM Royal Dutch Airlines' ("KLM" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of its international and United States flights.

3. Defendant has, to date, not issued refunds for flights that Defendant cancelled. This is particularly egregious given that KLM's parent company, Air

France-KLM S.A., received a nearly $11 billion bailout from the French and Dutch governments.[1]

4. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[2] Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for

---

[1] Liz Alderman, *Air France-KLM Gets €10 Billion Bailout as Coronavirus Hits Travel*, N.Y. TIMES, Apr. 25, 2020, https://www.nytimes.com/2020/04/25/business/air-france-klm-bailout.html (last accessed May 22, 2020)

[2] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed May 15, 2020) (hereinafter "DOT NOTICE") (emphasis added).

3

future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[3]

5.  On May 12, 2020, the DOT issued a Second Enforcement Notice, which stated the following:

>   (a) The DOT reiterated that "airlines have an obligation to provide a refund to a ticketed passenger when the carrier cancels or significantly changes the passenger's flight, and the passenger chooses not to accept an alternative offered by the carrier."[4]
>
>   (b) Online travel agencies are required to provide a "prompt refund" when "(i) an airline cancels or significantly changes a flight, (ii) an airline acknowledges that a consumer is entitled to a refund, and (iii) passenger funds are possessed by a ticket agent."[5]
>
>   (c) "The refund policy in place at the time the passenger purchased the ticket is the policy that is applicable to that ticket."[6]

---

[3] *See id.*

[4] DEP'T OF TRANSP., FREQUENTLY ASKED QUESTIONS REGARDING AIRLINE TICKET REFUNDS GIVEN THE UNPRECEDENTED IMPACT OF THE COVID-19 PUBLIC HEALTH EMERGENCY ON AIR TRAVEL 1 (May 12, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-05/Refunds-%20Second%20Enforcement%20Notice%20FINAL%20%28May%2012%202020%29.pdf (last accessed May 15, 2020) (hereinafter "DOT SECOND NOTICE").

[5] *Id.* at 2.

[6] *Id.*

    (d)    "Airlines and ticket agents can offer consumers alternatives to a refund, such as credits or vouchers, **so long as the option of a refund is also offered and clearly disclosed** if the passenger is entitled to a refund."[7]

    (e)    "For airlines, 'prompt' is defined as being **within 7 business days** if a passenger paid by credit card, and **within 20 days** if a passenger paid by cash or check."[8]

6.    Defendant KLM is the flag carrier of the Netherlands. In 2016, KLM carried over five million passengers to North America.[9] KLM's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

7.    Defendant KLM suffered a $880 million operating loss in the first quarter of 2020 due to shutdowns caused by the coronavirus, COVID-19."[10]

---

[7] *Id.* at 3 (emphasis added).

[8] *Id.* (emphasis added).

[9] KLM CELEBRATES 70TH ANNIVERSARY OF SERVICE TO NEW YORK (May 21, 2016), https://news.klm.com/klm-celebrates-70th-anniversary-of-service-to-new-york/ (last accessed May 22, 2020).

[10] Air France-KLM Loss Gives First Taste of Coronavirus Impact, REUTERS, May 7, 2020, https://www.reuters.com/article/us-air-france-klm-results/air-france-klm-loss-gives-first-taste-of-coronavirus-impact-idUSKBN22J0IZ (last accessed May 22, 2020).

8. Plaintiff, like many other travelers, was scheduled to fly with KLM. As part of Plaintiff's trip, Plaintiff was to embark on two flights departing from or destined for the United States: a departing flight from Detroit, Michigan to Paris, France, and a return flight from Paris to Detroit.

9. Plaintiff purchased his flight directly from KLM.

10. Plaintiff's flights were cancelled by KLM.

11. Plaintiff has not been refunded by KLM for his cancelled flights.

12. KLM was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when it cancelled his flight.

13. KLM also represents in its General Conditions of Carriage that "A refund, where it is authorized by the Ticket's fare conditions, will be paid on the basis of Fare Including Tax paid for the Ticket."[11]

14. In short, when KLM cancels a flight, the passenger is entitled to a full and prompt refund without deductions.

15. KLM's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier

---

[11] KLM GENERAL CONDITIONS OF CARRIAGE § 14.2, https://www.klm.com/travel/us_en/images/General_Conditions_of_Carriage_Global_English_tcm518-430603.pdf (last accessed May 22, 2020).

cancels the passenger's scheduled flight."[12]  The DOT Enforcement Notice applies to "U.S. and foreign airlines."[13]

16. KLM's customers have excoriated its refusal or failure to provide refunds.  For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

<u>May 18, 2020 Review</u>:[14]



<u>May 18, 2020 Review</u>:[15]



---

[12] DOT NOTICE

[13] *Id*.

[14] KLM REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729104-Reviews-KLM-Royal-Dutch-Airlines.html#REVIEWS (last accessed May 22, 2020).

[15] KLM REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729104-Reviews-or5-KLM-Royal-Dutch-Airlines.html#REVIEWS (last accessed May 22, 2020).

<u>May 18, 2020 Review</u>:



<u>May 15, 2020 Review</u>:[16]



---

[16] KLM REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729104-Reviews-or10-KLM-Royal-Dutch-Airlines.html#REVIEWS (last accessed May 22, 2020).

8

17. Plaintiff brings this action on behalf of himself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, (iii) breach of contract, and (iv) money had and received.

## PARTIES

18. Plaintiff Anil Kumar Subramanyam is a citizen of the State of Michigan and resides in Farmington Hills, Michigan. On or about January 9, 2020, Plaintiff purchased tickets for himself, his wife, and his daughter directly from KLM for flights to and from the United States: a departing flight from Detroit, Michigan to Paris, France, and a return flight from Paris to Detroit. Plaintiff was to depart for Paris on May 26, 2020, and to return to Detroit on July 8, 2020. Plaintiff paid approximately $900 for each round-trip ticket for a total of approximately $2,700. However, on or about April 16, 2020, Plaintiff's flights were cancelled by KLM due to the coronavirus, COVID-19. Plaintiff contacted KLM on or about April 17, 2020 to request a cash refund, but KLM refused the request and only offered a travel voucher. To date, Plaintiff has not been issued a refund by KLM.

19. Defendant KLM Royal Dutch Airlines is a corporation organized under the laws of The Netherlands with its headquarters in Amsterdam, The Netherlands. Defendant conducts substantial business throughout the United States and in the State of Michigan.

9

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

21. This Court has personal jurisdiction over this action because Defendant purposefully availed itself of this forum by engaging in suit-related conduct in this District.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, as a foreign corporation, Defendant may be sued in any judicial district.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets for travel on a KLM flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded (the "Class").

24. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

25. Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

26. **Numerosity.** The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Class members may be notified of the pendency of this action by mail and/or publication through Defendant's records and third-party vendors' records.

27. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for a KLM flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the

Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class. Further, the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

28. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

    (a)    Whether KLM failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

    (b)    Whether KLM breached its contract with Plaintiff and Class members by failing to issue cash refunds for cancelled flights;

    (c)    Whether KLM is liable to Plaintiff and the Class for unjust enrichment;

    (d)    Whether KLM unlawfully converted money from Plaintiff and members of the Class; and

    (e)    Whether Plaintiff and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

29. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to

vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

30. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Class could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

31. In the alternative, the Class may also be certified because:

    (a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

    (b) the prosecution of separate actions by individual members of

13

    the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

 (c) Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION
### COUNT I
### Unjust Enrichment

32. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

33. Plaintiff brings this claim on behalf of himself and members of the Class.

34. Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to significant schedule change by KLM.

35. Defendant has knowledge of these benefits.

36. Defendant voluntarily accepted and retained these benefits. Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

37. Because these benefits were obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by KLM, it would be unjust and inequitable for the Defendant to retain them without paying the value thereof.

## COUNT II
## Conversion

38. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

40. Plaintiff and members of the Class have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

41. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Class paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by KLM.

42. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a

significant schedule change by KLM, and in the amount of consequential damages resulting therefrom.

## COUNT III
## Breach of Contract

43. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

44. Plaintiff brings this claim on behalf of himself and members of the Class.

45. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

46. Plaintiff and members of the Class performed by paying the airline ticket fees for the flights before they were cancelled.

47. Defendant's Conditions of Carriage state that if a flight is cancelled by Defendant, the passenger is entitled to a refund.

48. Defendant has breached these contracts by retaining Plaintiff and Class members' airline ticket fees while not providing flight services.

49. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT IV
## Money Had And Received

50. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

52. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class.

53. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class.

54. Defendant obtained money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class. However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class were supposed to be passengers on.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of compensatory and other damages in an amount to be determined;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 22, 2020

Respectfully submitted,

**ANIL KUMAR SUBRAMANYAM**

By: _/s/ Nick Suciu III_
Nick Suciu III
One of Plaintiff's Attorneys

Nick Suciu III (P72052)
nicksuciu@bmslawyers.com
BARBAT MANSOUR SUCIU & TOMINA PLLC
6905 Telegraph Rd., Suite 115
Bloomfield Hills, Michigan 48301
Tel: (313) 303-3472

Yeremey O. Krivoshey*
ykrivoshey@bursor.com
BURSOR & FISHER, P.A.
1990 N. California Blvd., Suite 940

Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

Andrew J. Obergfell*
aobergfell@bursor.com
Max S. Roberts*
mroberts@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163

*Application for Admission Forthcoming

*Counsel for Plaintiff Anil Kumar Subramanyam*